# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 343 | DATE | 7/14/2003 |
| CASE TITLE | VIM Recyclers vs. Magner, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's motions to dismiss the counterclaim [20-1] and to strike the first affirmative defense [21-1] are denied. Enter memorandum opinion and order. Ruling date of 8/1/03 is vacated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | 4 number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 15 2003 date docketed | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/14/03 date mailed notice | |
| MPJ | courtroom deputy's initials | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

V.I.M. RECYCLERS, L.P.,           )
                                  )
         Plaintiff,               )
                                  )
    v.                            )
                                  )   No.  03 C 343
LUKE MAGNER, and INDUSTRECYCLE,   )
L.L.C.,                           )
                                  )
         Defendants.              )

DOCKETED
JUL 1 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff V.I.M. Recyclers, L.P. ("V.I.M."), an Illinois limited partnership, provides waste recycling services on a national basis. Defendant Luke Magner, a Massachusetts citizen, was employed by V.I.M. as a salesperson. V.I.M. alleges that during the course of his employment, Mr. Magner formed defendant Industrecycle, L.L.C. ("Industrecycle"), a Massachusetts limited liability company, to compete with V.I.M. V.I.M. further alleges that Mr. Magner and Industrecycle concocted fraudulent schemes to divert V.I.M. customers to Industrecycle. V.I.M. brought a three-count complaint against Mr. Magner and Industrecycle alleging breach of fiduciary duty, fraud, and tortious interference with contractual relations.[1]  Both defendants raised affirmative defenses in their answer, and Mr. Magner brought a counterclaim for

---

[1] The breach of fiduciary duty claim was brought against Mr. Magner alone; the fraud and tortious intereference claims were brought against both defendants.

breach of contract. V.I.M. now moves to dismiss Mr. Magner's counterclaim, and to strike one of his affirmative defenses. I deny the motions.

I. The Counterclaim

Mr. Magner's counterclaim alleges that V.I.M. failed to pay him all commissions and other compensation due, and that it failed to reimburse him for all expenses incurred while a V.I.M. salesperson. V.I.M. seeks to dismiss the counterclaim for failure to state a claim and for failure to allege special damages with specificity.[2]

A federal court sitting in diversity applies federal rules of pleading. *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002) ("Federal pleading rules ... govern even in diversity suits."). Under federal notice pleading requirements, a counterclaim need only set out "a short and plain statement of the claim that will provide the [counterclaim] defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)). A counterclaim need not spell out every element of a legal theory; it need contain only enough to allow the counterclaim defendant to

---

[2] V.I.M. also argues that Mr. Magner's invocation of the Illinois Sales Representative Act, 820 ILCS 120, as a basis for seeking treble damages, attorneys' fees, and costs is inappropriate. Mr. Magner has agreed to strike his claim for relief based on that act.

understand "the gravamen" of the claim. *Id.* at 951-52. Mr. Magner's counterclaim does just that when it alleges that "VIM failed to pay Magner all commissions or other compensation due to Magner from VIM, and failed to reimburse Magner for all expenses incurred by Magner during the course of his activities as a VIM salesperson." (Counterclaim ¶ 5.) V.I.M.'s citations to Illinois and pre-*Leatherman* federal cases requiring anything other than general notice pleading are irrelevant, and its complaints about the conclusory nature of the counterclaim are unavailaing.

V.I.M. also argues that Mr. Magner's counterclaim fails to allege special damages with specificity. Fed. R. Civ. P. 9(g) states that "[w]hen items of special damage are claimed, they shall be specifically stated." Special damages are those that are "unusual for the type of claim in question--that are not the natural damages associated with such a claim." *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997). V.I.M. argues that Mr. Magner's allegation that V.I.M. failed to pay him "other compensation due" is an allegation of special damages that must be pleaded with specificity. Mr. Magner, on the other hand, argues that he is not seeking any special damages. Whether or not Mr. Magner is claiming special damages, failure to allege such damages with the requisite specificity does not render the counterclaim insufficient, it simply bars recovery of those damages. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1312 (2d ed. 1990). Mr. Magner's counterclaim will not be dismissed for failing to allege special damages with specificity.

II. The Affirmative Defense

Count I of V.I.M.'s complaint alleges that Mr. Magner breached his fiduciary duty to V.I.M. In response to this count, Mr. Magner asserts as an affirmative defense that "[b]y virtue of plaintiff's conduct, including its failure to pay Magner all amounts earned by him and its failure to reimburse Magner fully for expenses he incurred on plaintiff's behalf, Magner was relieved and excused from various duties and obligations that he might have otherwise had as an employee of plaintiff." (Answer at 17.) V.I.M. seeks to strike this defense pursuant to Fed. R. Civ. P. 12(f).

The Seventh Circuit has indicated that

> [a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.

*Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations and citations omitted). In a diversity case, I examine the legal and factual sufficiency of an affirmative defense by reference to state law. *Id.* It is well-settled under Illinois law[3] that an employee owes a duty of fidelity and loyalty to his employer. *Dames & Moore v. Baxter & Woodman, Inc.*, 21 F.

---

[3] Neither party argues that anything other than Illinois law applies.

Supp. 2d 817, 823 (N.D. Ill. 1998) (Gettleman, J.) (citing *ABC Trans Nat'l Transp., Inc. v. Aeronautics Forwarders, Inc.* 379 N.E.2d 1228, 1237 (Ill. App. Ct. 1978)). This duty ends, however, once the employment relationship ends. *Id.* (citing *Prudential Ins. Co. v. Van Matre*, 511 N.E.2d 740, 748 (Ill. App. Ct. 1987)). Here, Mr. Magner's affirmative defense asserts that V.I.M.'s failure to pay various amounts owed to him relieved Mr. Magner of duties he may have had as an employee of V.I.M. As failure to compensate an employee is a violation of the employment relationship, *Francorp, Inc. v. Siebert*, 126 F. Supp. 2d 543, 547 (N.D. Ill. 2000) (Moran, J.), and Mr. Magner's duty of fidelity and loyalty ceased upon termination of the employment relationship, Mr. Magner states a valid affirmative defense to V.I.M.'s breach of fiduciary duty claim.

## III. Conclusion

Plaintiff's motions to dismiss the counterclaim and to strike the first affirmative defense to count I are DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 14, 2003