# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| CASE NUMBER | 03 C 343 | DATE | 4/26/2004 |
| CASE TITLE | V.I.M. Recyclers vs. Luke Magner, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for rule to show cause [56-1] and to enforce sanctions [56-2] is granted and Defendants' motion to vacate sanctions [57-1] is denied. Defendants have failed to show cause why they should not be held in contempt for failing to pay the sanctions order against them on 8/22/03. Consequently, Defendants are ordered to pay to Plaintiff $1,000.00 in Rule 37 costs, plus interest at the prime rate from 8/22/03, $5,000.00 for failure to comply with court orders for fifty days, plus interest at the prime rate from 10/10/03, and attorney's fees in the amount of $2,750.00 incurred by Plaintiff as a result of preparing and presenting this motion. Defendants shall pay all sums to Plaintiff on or before 5/12/04.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | APR 2 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 64 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 4/26/2004 | |
| DK | courtroom deputy's initials | | date mailed notice DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
APR 2 7 2004

| V.I.M. RECYCLERS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 0343 |
| | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| LUKE MAGNER, and | ) | |
| INDUSTRECYCLE, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before this Court on referral from Judge Bucklo for resolution of three related motions: (1) a motion for rule to show cause filed by Plaintiff V.I.M. Recyclers, L.P. ("Plaintiff"); (2) Plaintiff's motion to enforce an August 22, 2003 order for sanctions; and (3) a motion to vacate sanctions filed by Defendants Luke Magner and Industrecycle, L.L.C. (collectively "Defendants"). The parties have consented to this Court's jurisdiction to decide these matters on the basis of a limited consent pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, the motion for rule to show cause and the motion to enforce order are granted and the motion to vacate sanctions is denied.

### I. BACKGROUND

On June 6, 2003, Judge Bucklo granted Plaintiff's motion to compel Luke Magner's answers to request for production and interrogatories, ordering compliance "with respect to production of documents as discussed in court." Def. Memo. Ex. 3. Likewise, on July 14,



2003, Judge Bucklo granted Plaintiff's motion to compel discovery relating to post-termination transactions with actual or potential customers of Plaintiff during the relevant time frame. Docket #30. Although no specific compliance date was set for either order, the parties agreed to a thirty-day deadline from July 14, 2003.

By August 22, 2003, the documents had not been produced. On that date, the parties appeared before Judge Bucklo on Plaintiff's motion for rule to show cause and for sanctions. At the hearing, Defendants' counsel stated that Luke Magner was in the process of filing for bankruptcy and that counsel had no authority to turn over any documents. Tr. at 3. Judge Bucklo found Defendants willfully disobeyed her order and granted Plaintiff's motions. Tr. at 3-4. She imposed sanctions against Defendants, ordering them to pay Rule 37 costs in the amount of $1000 and an additional $100 per day until Defendants complied with the order. Tr. at 4, Dkt. #36. On September 24, 2003, Judge Bucklo denied Defendant's motion for an order specifying further amount of fees because in her order of August 22 she had "awarded costs in the amount of $100 per day, to be paid to plaintiff from that day forward until defendant complies with the Court's prior orders." Dkt. #39.

On September 9, 2003, Defendants' counsel sent a letter to Plaintiff's counsel, attaching responses to document requests, interrogatories, and requests to admit. Def. Memo. Ex. 4. The letter also indicates that other responsive documents exist, but Defendants refused to produce those documents unless the parties entered into a protective order. Dkt. 50. On October 10, 2003, Defendants filed a motion for a protective order with Judge Bucklo, who

referred the case to this Court. Subsequently, Defendants revised their motion to comport with this Court's requirements and filed that revised motion on October 24, 2003. On October 29, 2003, this Court granted Defendants' October 24 motion for a protective order. Dkt. 50. On November 5, 2003, Defendants produced all responsive documents. On January 7, 2004, Defendants produced "full and complete" financial statements for both Industrecycle and Luke Magner. Def. Memo. Ex. 2.

Although Defendants produced documents, they failed to pay the imposed sanctions. Plaintiff's counsel requested the payments via letters dated September 29, 2003, October 3, 2003, and December 4, 2003. On February 18, 2004, Defendants filed this motion to vacate sanctions in response to Plaintiff's motion to enforce the August 22, 2003 order for sanctions. Plaintiff now seeks a rule to show cause why Defendants should not be held in contempt for failing to comply with the August 22, 2003 sanctions, seeks to enforce that order, and requests reimbursement for the expenses resulting from this motion.

## II. LEGAL STANDARDS

A court has broad discretion to impose sanctions against a party for abuse of discovery orders. Fed. R. Civ. P. 37. Consequently, a court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *United States v. Berg*, 20 F.3d 304, 311 (7th Cir. 1994). However, before a court can enter a finding of contempt for failure to follow a court order, the complaining party must prove, by clear and convincing evidence, that the contemptor has

3

not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Id.* If contempt is found, relief may include an award of attorney's fees and costs for preparing and prosecuting a contempt petition. *Oxford Capital Ill., L.L.C. v. Sterling Payroll Fin., L.L.C.*, No. 01 C 1173, 2001 WL 1491521, at *3 (N.D. Ill. Nov. 26, 2001). Where the court seeks to remedy ongoing disobedience with an order, a civil fine may be imposed as a coercive sanction against the contemptor that can be purged through full, timely compliance with the order. *Id.*

In order to support a finding of civil contempt, "the district court must be able to point to a decree from the court which set[s] forth in specific detail an unequivocal command which the party in contempt violated." *Id.* A court is authorized to impose civil contempt sanctions upon the court's own finding that a party has violated the court's unequivocal command by clear and convincing evidence. *Id.*

## III. DISCUSSION

Defendants posit two reasons for their failure to pay Plaintiff any amount as sanctions. First, sanctions would not be consistent with the interests of justice, given the proceedings in this case since August 22, 2003. Second, a bona fide dispute exists between Defendants and Plaintiff as to the amount of the sanctions Defendants are obligated to pay. The Court will now turn to Defendants' first argument.

## A. THE INTERESTS OF JUSTICE

Defendants argue that sanctions would not serve the interests of justice because they were not in violation of a previous court order. They point to the fact that the June 6 and July 14, 2003 Orders (the "Orders") compelling them to produce certain documents gave them no precise deadline by which to produce those documents. Defendants' delay allegedly was perpetuated by the fact that Magner operates Industrecycle by himself, without any other employees, and because Magner was contemplating bankruptcy. Magner did not perceive his delay in compliance to be violative of the Orders. Thus, Defendants conclude, these circumstances did not warrant sanctions.

The Court finds this argument disingenuous. The transcripts of the August 22, 2003 proceedings show that Defendants did not intend to produce any documents. Defendants did not claim hardship due to a lack of manpower, nor did they make the argument at that time that there were no deadlines. Instead, Defendants' sole reason was that Defendant Magner was contemplating filing bankruptcy. Judge Bucklo found this reason to be inadequate and the refusal to be willful disobedience. Contemplation of bankruptcy in August does not excuse non-compliance with a month-old court order, much less one that was two months old.

The Rule 37 costs of $1000 imposed for contempt was not onerous, and Defendants could have stopped the additional sanction of $100 a day by producing the documents sooner rather than later. In fact, the final documents were not produced until November 5, 2003 – more than two months after the sanctions order was entered. Furthermore, Defendants' initial

5

response on September 9, 2003 was a mere eighteen days after the sanctions order. Clearly, such an immediate response was a direct effect of the sanctions, indicating that the sanctions properly served their purpose. If Defendants were contemplating vacating the sanctions, they could not sit on their hands while Plaintiff expends time and money to enforce the orders.

Defendants can not pick and choose which court orders to obey. Therefore, Defendants' motion to vacate sanctions is denied and Plaintiff's motion to enforce sanctions is granted. The Court now turns to the proper amount of sanctions.

### B.  AMOUNT OF SANCTIONS

Defendants claim that as of September 9, 2003, they were in substantial compliance with the Orders, in other words Defendants were "reasonably diligent and energetic in attempting to accomplish what was ordered." *Berg*, 20 F.3d at 311. Plaintiff argues that Defendants did not fully comply with the Orders until November 5, 2003, when they finally produced all documents.

On September 9, 2003, Defendants responded to Plaintiff's document requests and answered written discovery. They did not, however, produce documents or give answers that they claimed required the security of a protective order, for which they moved in earnest on October 10, 2003. Plaintiff then objected to Defendants' discovery responses, which were supplemented on October 23, 2003. On October 24, 2003, Defendants moved this Court for a protective order, which was entered on October 29, 2003. Dkt. 49-50. On November 5, 2003, Defendants finally produced all responsive documents.

The first issue is whether Defendants are required to comply completely with the Orders before the sanctions are lifted or whether they are required to substantially comply. The contempt order states that Defendants should pay $100 a day until they comply with the Orders – it does not say "substantially" comply. However, because the purpose of the sanctions is to coerce a party into compliance, once compliance has begun in earnest the party should be relieved of the sanctions on a going forward basis.

This Court disagrees with Defendants' position that they were in compliance with the Orders on September 9, 2003 because an additional month passed before they attempted to obtain a protective order. On October 10, 2003, Defendants first attempted to obtain a protective order. Dkt. 48. Although the motion was revised, the Court finds Defendants' actions to have shifted at that point from dilatory to cooperative. The documents that were not produced were properly withheld until a protective order was in place. Although Defendants brought this delay upon themselves, Defendants promptly produced the documents once the protective order was entered.

Therefore, the Court finds that Defendants did not comply with the Orders until October 10, 2003, when they first filed for a protective order. Consequently, Defendants must pay to Plaintiff the amount of $1,000.00 in Rule 37 costs and $100.00 a day from August 22, 2003 to October 10, 2003, inclusive, for a total of fifty days and an additional $5,000.00.

## IV. CONCLUSION

For the reasons set forth in this opinion, Plaintiff's motion to enforce sanctions is granted and Defendants' motion to vacate sanctions is denied. Defendants have failed to show cause why they should not be held in contempt for failing to pay the sanctions order against them on August 22, 2003. Consequently, Defendants are ordered to pay to Plaintiff $1,000.00 in Rule 37 costs, plus interest at the prime rate from August 22, 2003, $5,000.00 for failure to comply with court orders for fifty days, plus interest at the prime rate from October 10, 2003, and attorney's fees in the amount of $2,750.00 (ten hours at a rate of $275 per hour), incurred by Plaintiff as a result of preparing and presenting this motion. Defendants shall pay all sums to Plaintiff on or before May 12, 2004.

SO ORDERED THIS 26th DAY OF APRIL, 2004.

_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies mailed to:**

| | |
|---|---|
| Aldo E. Botti | L. Andrew Brehm |
| Peter M. DeLongis | Michael T. Roche |
| BOTTI, MARINACCIO & DELONGIS, LTD. | SCHUYLER, ROCHE & ZWIRNER, P.C. |
| 720 Enterprise Drive | One Prudential Plaza |
| Oak Brook, IL 60523 | 130 East Randolph Street |
| | Suite 3800 |
| Counsel for Plaintiff | Chicago, IL 60601 |
| | Counsel for Defendants |

# United States District Court
## Northern District of Illinois
### Eastern Division

V.I.M. Recyclers **JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 343

Luke Magner, et al.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's motion for rule to show cause and to enforce sanctions is granted and Defendants' motion to vacate sanctions is denied. Defendants have failed to show cause why they should not be held in contempt for failing to pay the sanctions order against them on 8/22/03. Consequently, Defendants are ordered to pay to Plaintiff $1,000.00 in Rule 37 costs, plus interest at the prime rate from 8/22/03, $5,000.00 for failure to comply with court orders for fifty days, plus interest at the prime rate from 10/10/03, and attorney's fees in the amount of $2,750.00 incurred by Plaintiff as a result of preparing and presenting this motion. Defendants shall pay all sums to Plaintiff on or before 5/12/04.

Michael W. Dobbins, Clerk of Court

Date: 4/26/2004

Donna Kuempel, Deputy Clerk